Curta, per
Nott, J.
There is no doubt, that any in-termeddling with the estate of a deceased person, such as collecting money, paying debt;-, with the funds of the estate, or making any other disposition of any part of the property, will make a person an executor in his own wrong. In some of the old cases the doctrine has been carried to an extravagant, and I may say, even to a ridiculous extent. A person has been held liable as executor in his own wrong, for taking a dog, and a wife for milking the cow of her deceased husband. Genet vs. Carpenter, 2 Dyer, 166, in note. But such a principle certainly would not be sustained at this day.
The intermeddling must be such as to manifest a right to exercise a controul or make disposition of the effects of the deceased. Acting merely as a servant will not make a person so liable, per Buluer, J. in Padget, and another vs. Priest and Porter, 2 D. & E. 97; Nor where one is made coadjutor or supervisor, 2 Dyer 166, Stokes vs. Porter. Thus for instance, if a widow should employ an overseer to superintend the plantation of her husband, a wagoner or boatman to carry the crop to market, a factor to sell it, and a clerk to collect and to pay away money under her directions, these several persons not knowing in what character she was acting, would be-considered merely as her agents, and not as exercising such control over the funds of the estate as to make themselves liable. And such appears to have been the character in which this defendant acted. He acted merely as the agent of the widow. He did not pretend to have any controul over the property, and knew not probably to whom it belonged. I concur, therefore, with the presi ding Judge, and am of opinion, that the motion ought tobe refused. New trial refused.